# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

EDWIN EDUARDO MELGAR MONTERROSO,

          Petitioner,

    v.

FERETI SEMAIA, et al.,

          Respondents.

Case No. 5:26-cv-01911-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on April 17, 2026. (Dkt. No. 1 at 3.)  On April 24, 2026, Respondents filed an answer to the Petition stating, "Respondents are not presenting an opposition argument at this time." (Dkt. No. 9 at 2.)  Petitioner has yet to file a reply. As Respondents are not presenting an opposition argument at this time, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested.  For the reasons set forth below, the Court GRANTS the Petition.

Petitioner is a citizen of Guatemala.  (Dkt. No. 1 at 4.)  Petitioner contends that he and his family were forced to flee Guatemala on or around March 12, 2024, due to death threats levied against his family by MS-13 gang members due to his political

opinions, religion, and parentage of an intellectually disabled child.  (*Id*.)

On September 27, 2024, Petitioner presented himself at the San Ysidro, California, Port of Entry through a pre-scheduled United States Customs and Border Protection ("CBP") One Appointment.  (Dkt. No. 1 at 4.)  CBP released Petitioner from custody.  (*Id*.)  On September 28, 2024, CBP issued Petitioner a Notice to Appear placing him into removal proceedings and requiring him to appear for a hearing on June 5, 2026, in Dallas, Texas.  (*Id*.)  CBP granted Petitioner parole under 8 U.S.C. § 1182(d)(5)(A) until June 27, 2025.  (*Id*.)

Petitioner settled in Inglewood, California.  (Dkt. No. 1 at 5.)  He worked and took care of his disabled son.  (*Id*.)  He had no contacts with law enforcement.  (*Id*.)  He did not leave the United States at any point.  (*Id*.)

On August 18, 2025, CBP officers arrested Petitioner at the Home Depot in Inglewood.  (Dkt. No. 1 at 5.)  CBP officers did not advise Petitioner of the reason or nature for the arrest.  (*Id*.)  Petitioner was not given an opportunity to contest his detention or be heard prior to his arrest and re-detainment.  (*Id*.)  Petitioner was taken to the Adelanto ICE Processing Center, where he remains.  (*Id*.)  Petitioner filed for asylum, withholding of removal, and protections under the Convention Against Torture on February 17, 2026.  (*Id*.)  On April 1, 2026, Petitioner had a *Rodriguez* bond hearing.  (*Id*.)  The Immigration Judge denied Petitioner bond on the basis that Petitioner is a flight risk, unspecified recent BIA decisions, perceived weakness of Petitioner's sponsor's relationship to Petitioner, and the perceived weakness of relief.  (*Id*.)

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  Petitioner's requested relief is a declaration that his continued detention violates the

Due Process Clause of the Fifth Amendment and an order that he be released immediately.  (Dkt. No. 1 at 10-28.)  As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens released on parole during immigration proceedings, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards.  *See Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026); *Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026).  Given Respondents' non-opposition (see C.D. Cal. L.R. 7-12), Petitioner's prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition.  (*See id.*)

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.

The Court also orders that Respondents shall not re-detain Petitioner without notice and a future pre-deprivation hearing.  Respondents shall return any confiscated property and documents to Petitioner upon his release.  Finally, Respondents shall file a status report regarding compliance with this order within five court days of its entry.

IT IS SO ORDERED.

DATED: May 14, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

3